MAYS v THREE RIVERS RUBBER CORP

Docket No. 69025. Submitted February 9, 1984, at Grand Rapids.—
    Decided June 4, 1984.

John Mays became disabled by an asthma condition in December,
    1970, while employed by Three Rivers Rubber Corporation.
    Workers' disability compensation benefits were voluntarily paid
    by Fireman's Fund Insurance Company, the workers' compen-
    sation carrier for Three Rivers Rubber, until April, 1971, at
    which time those benefits were terminated on the basis of a
    diagnosis by Dr. Paul Radgens. Mays sought reinstitution of
    workers' compensation benefits and, following a contested hear-
    ing, was awarded benefits in May, 1976. That award was
    affirmed by the Workers' Compensation Appeal Board in De-
    cember, 1978. Similarly, Insurance Company of North America,
    carrier of a group disability insurance plan for Three Rivers
    Rubber, denied benefits under that plan, following two years of
    voluntary payments, on the basis of a diagnosis by Dr. Radgens.
    Mays brought suit seeking benefits under the group disability
    plan and, in June, 1977, received a judgment holding that he
    was entitled to those benefits. On May 28, 1980, Mays com-
    menced an action in Kalamazoo Circuit Court against Three
    Rivers Rubber Corporation, the two insurance carriers, Dr.
    Radgens and the Wilhelm Allergy Clinic. Count one of the
    complaint claimed that all of the defendants collusively con-
    spired to deprive plaintiff of his benefits under the two insur-
    ance policies. Count two claimed that Three Rivers Rubber and
    the two insurance carriers intentionally breached their statu-
    tory and contractual duty to pay benefits and as a result
    plaintiff suffered mental and emotional anguish and aggrava-
    tion of his asthmatic condition. Count three claimed that all of
    the defendants, by their collusive actions, had intentionally
    inflicted emotional distress upon the plaintiff. Defendants Three

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Conspiracy § 49.
[2] 16 Am Jur 2d, Conspiracy § 65.
[3] 22 Am Jur 2d, Damages § 195 *et seq.*
    38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 33, 34.
    44 Am Jur 2d, Insurance § 1771.

Rivers Rubber and Fireman's Fund Insurance Company moved for summary and accelerated judgment. Donald T. Anderson, J., granted accelerated judgment as to the first and third counts on the basis that they were barred by the statute of limitation and summary judgment as to the second count on the basis that damages for mental and emotional distress are not available as damages for breach of a commercial contract. Plaintiff filed motions for rehearing and to file an amended complaint. Plaintiff's motions were denied. Plaintiff appealed. *Held:*

1. The first and third counts seek damages for civil conspiracy and intentional infliction of emotional distress arising as a result of that conspiracy. Contrary to plaintiff's assertion that his claims of conspiracy and intentional infliction of emotional distress arising out of the conspiracy accrued upon the ultimate determinations that he was entitled to the workers' compensation and group disability benefits and thus accrued upon affirmance of the workers' compensation award by the appeal board in December, 1978, and the circuit court judgment in the group disability action in June, 1977, these claims accrued when all of the elements of civil conspiracy had occurred and plaintiff knew or should have known of the occurrence of those elements. Since the tort of conspiracy as applied to the denial of insurance benefits does not include as an element a final separate adjudication as to the right to such benefits, the action accrued when plaintiff knew or should have known that there had been a concerted action by the defendants to deny him benefits to which he was entitled. At the very latest, plaintiff knew or should have known of the conspiracy by the time of the workers' compensation award in May, 1976. The conspiracy claim and the claim for emotional distress arising out of the conspiracy thus accrued more than three years before his May, 1980, complaint was filed and thus those claims were barred by the three-year limitation provision of the applicable statute of limitations.

2. Damages for emotional distress do not lie for wrongful breach of a commercial contract of workers' disability compensation insurance. Accordingly, the trial court properly granted summary judgment as to the second count.

Affirmed.

1. TORTS — CONSPIRACY.

> The essential elements of a civil action for conspiracy are (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose or a lawful purpose by unlawful means.

2. LIMITATION OF ACTIONS — CONSPIRACY — ACCRUAL OF ACTIONS.

A claim for a civil action for conspiracy accrues when all the elements of the cause of action have occurred and the plaintiff knew or should have known of the occurrence (MCL 600.5827; MSA 27A.5827).

3. DAMAGES — EMOTIONAL DISTRESS — INSURANCE — CONTRACTS.

Damages for emotional distress arising out of the breach of a workers' disability compensation insurance contract or a group disability insurance contract are not recoverable.

*Ford, Kriekard, Staton, Lundquist & Allen, P.C.* (by *Arthur Staton, Jr.),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Constance J. Grzanka),* for Three Rivers Rubber Corp.

*James, Dark & Brill* (by *Arthur W. Brill),* for Fireman's Fund Insurance Co.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right from an order of the trial court dismissing his complaint and granting summary and accelerated judgment in favor of defendants Three Rivers Rubber Corporation and Fireman's Fund Insurance Company. The remaining defendants had been dismissed pursuant to a settlement agreement at the trial court level.

Plaintiff is a former employee of Three Rivers and has been disabled since December 23, 1970, with a condition referred to by the parties as "TDI asthma". Three Rivers workers' compensation carrier, Fireman's, voluntarily paid plaintiff workers' compensation benefits until April 14, 1971, at which time benefits were terminated based on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

what plaintiff contends was a fraudulent diagnosis by Dr. Paul R. Radgens. Plaintiff subsequently petitioned for reinstitution of workers' compensation benefits and, after a contested hearing, was awarded benefits by a hearing referee in a decision rendered May 19, 1976. That decision was affirmed by the Workers' Compensation Appeal Board (WCAB) on December 28, 1978.

Plaintiff also filed suit for benefits due from the Insurance Company of North America (INA), Three Rivers' group disability insurance carrier. Judgment was entered on June 27, 1977. See *Mays v Ins Co of North America,* 407 Mich 165; 284 NW2d 256 (1979).

Plaintiff filed this action on May 28, 1980, alleging that defendants had in concert and collusion conspired to deprive him of workers' compensation and disability benefits due from Three Rivers and its insurers, Fireman's and INA. Plaintiff's three-count complaint alleged that: (1) all of the defendants had conspired to deprive him of the benefits; (2) defendant employer and defendant insurance companies had breached their contractual and statutory duty to pay benefits thereby causing mental distress to plaintiff; and (3) by their collusive actions, all of the defendants had intentionally inflicted emotional distress upon the plaintiff.

Three Rivers and Fireman's responded to plaintiff's complaint with motions for accelerated and summary judgment. In an opinion dated March 19, 1982, and by order dated July 2, 1982, the trial court granted defendants' motion for accelerated judgment as to Counts I and III on the ground that these counts were barred by the statute of limitations. The trial court also granted summary judgment in favor of defendants on Count II on the ground that breach of a commercial contract does

not give rise to a right to recover damages for mental and emotional distress.

Plaintiff's motions for rehearing and to file an amended complaint were denied and plaintiff appeals as of right. We affirm the trial court's grant of summary judgment on Count II for the reason relied upon below and affirm the trial court's grant of accelerated judgment on Counts I and III but for the reasons stated herein.

Plaintiff first challenges the trial court's grant of accelerated judgment on Counts I and III, claiming that the trial court erred in calculating the date upon which these claims accrued. All of the parties and the trial court agree that the applicable limitation period is three years as provided under MCL 600.5805(8); MSA 27A.5805(8), formerly MCL 600.5805(7); MSA 27A.5805(7). Plaintiff argues that his claims of conspiracy and intentional infliction of emotional distress did not accrue until the appropriate forums had determined that his injury was in fact compensable under the policies with Fireman's and INA. Plaintiff relies upon the date the WCAB affirmed the hearing referee's award of benefits, December 28, 1978, and the date the circuit court found INA liable for disability benefits, June 27, 1977. Given these dates of accrual, plaintiff's complaint of May 20, 1980, would have been timely.

The trial court agreed in principle with plaintiff's position but found that his injury had been determined compensable under Three Rivers' workers' compensation policy as of the issuance of the hearing referee's award on May 19, 1976. Since plaintiff had filed this action nearly four years after the issuance of the hearing referee's award, the trial court determined that his claims of conspiracy and intentional infliction of emo-

tional distress were barred by the provisions of the three-year statute of limitations.

We agree with the trial court's conclusion that plaintiff's claims were barred by the applicable statute of limitations but we do not entirely agree with the trial court's rationale. Both the trial court and plaintiff cite *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978), as dispositive on the issue of the accrual of plaintiff's claims. In *Broaddus,* as in the instant case, plaintiff alleged collusion and conspiracy to deny benefits among his employer and the employer's workers' compensation and group disability insurance carriers. The issue on appeal was whether plaintiff's claim was barred by the exclusive remedy provision of the workers' compensation act, MCL 418.131; MSA 17.237(131). In determining that the claim was not barred, this Court stated:

*"While it is true that plaintiffs must prevail on a showing that the physical injuries were compensable prior to showing that defendants acted in collusion to deny those benefits,* a subtle yet crucial distinction must be made clear. Plaintiffs are not seeking as damages in this lawsuit the compensation benefits they alleged were required to be paid from July 2, 1973, to December 17, 1973. They are seeking, in part, separate damages for emotional distress caused by the alleged intentional and wrongful denial of these compensation benefits. It is the emotional and mental injuries which are the subject of the lawsuit, and which are claimed by plaintiffs to be not compensable under the act and thus actionable in a common-law tort suit." (Footnote omitted; emphasis added.) 84 Mich App 599.

Plaintiff argues, and the trial court so held, that the above emphasized language requires, as an

essential element of a conspiracy claim such as this, a decision by the appropriate forum that the disputed injury is compensable under the particular insurance plan at issue. Plaintiff argues that the appropriate forum in this case is the WCAB, while the trial court held that the appropriate forum was the referee's hearing.

We do not agree that *Broaddus* requires a favorable judicial or quasi-judicial decision as an essential element of a claim of conspiracy to deny benefits. Instead, the essential elements of a civil conspiracy are (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Fenestra, Inc v Gulf American Land Corp,* 377 Mich 565, 593; 141 NW2d 36 (1966). See also *Zmija v Baron,* 119 Mich App 524, 537; 326 NW2d 908 (1982) (Judge WALSH's partial concurrence). The language in *Broaddus* requiring that a plaintiff's injury be found compensable refers, in our view, to the necessity of finding unlawful means or purpose where it is alleged that certain parties conspired to deprive a plaintiff of workers' compensation or disability benefits. That finding may be made by the trial court hearing the conspiracy claim, since the action is not one for compensation for the physical injury or disability suffered.

Obviously there are inherent difficulties involved in identifying the accrual date of conspiracy claims. The more successful or sophisticated the conspiracy, the longer it may go undetected by an unsuspecting plaintiff. Even where a plaintiff may be suspicious that a conspiracy is underfoot, it is difficult to argue that the applicable statute of limitations should begin to run upon such a subjective assessment of the defendants' actions. It is

thus quite possible that, in conspiracy actions such as the one at bar, the date on which the conspiracy is found to accrue will most frequently be the date on which the administrative agency has determined compensability. We reach this conclusion in light of several well-established principles of law governing the accrual of claims for purposes of applying a statute of limitations.

MCL 600.5827; MSA 27A.5827 provides that a "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results". The Supreme Court has interpreted this language to mean that a claim accrues when all of the elements of the cause of action have occurred, *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972); *Williams v Polgar,* 391 Mich 6, 23-25; 215 NW2d 149 (1974), and when plaintiff knew or should have known of the occurrence of these elements. *Williams v Polgar, supra,* p 25; *Bonney v Upjohn Company,* 129 Mich App 18, 23; 342 NW2d 551 (1983).

In this case, plaintiff testified in his deposition that he suspected a conspiracy between Three Rivers, Fireman's and Dr. Radgens as early as 1971, when Dr. Radgens' diagnosis resulted in termination of voluntary workers' compensation benefits. Plaintiff became even more certain that a conspiracy was underfoot in October of 1973, when INA, after having voluntarily paid two years of disability benefits based on the opinion of a medical doctor, sent him to Dr. Radgens, who was located some distance away, and obtained a diagnosis which INA then relied upon to terminate benefits. We believe that when the hearing referee issued his workers' compensation award on May 19, 1976, plaintiff knew or should have known of

his conspiracy claim against the defendants. Plaintiff thus had three years from that date to file his conspiracy complaint but failed to do so until nearly one year after the expiration of that period. We thus affirm the trial court's grant of accelerated judgment on Counts I and III.

Plaintiff's remaining two arguments on appeal are clearly without merit and we discuss them only briefly.

The trial court did not err in granting summary judgment on plaintiff's claim for emotional distress arising out of defendants' breach of an insurance contract. Damages for emotional distress do not lie for wrongful breach of a commercial contract of the type involved in this case. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 419; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980); *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171, 181-183; 318 NW2d 679 (1982); *Liddell v DAIIE,* 102 Mich App 636; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981).

Nor did the trial court err in denying plaintiff's motion to amend his complaint. The original complaint clearly alleged a conspiracy among the employer, Fireman's and INA. While the trial court's opinion apparently ignored the role of INA in the conspiracy in determining the accrual date of plaintiff's conspiracy cause of action, our decision today does not.

Affirmed.