BYER v SMITH

INCARNATI v SAVAGE

Docket Nos. 71113, 71229. Argued April 4-5, 1984 (Calendar Nos. 10,
11).—Decided November 19, 1984.

Gerald L. Byer brought an action in the Macomb Circuit Court
against Thomas A. Smith, seeking recovery of damages for pain
and suffering and other sequelae of a serious impairment of
body function arising out of an automobile accident. The cause
was removed to the 37th Judicial District Court. The court,
Sherman P. Faunce, J., instructed the jury that the plaintiff
was entitled to recover noneconomic damages only for the
period in which he suffered serious impairment of body func-
tion and not for any period beyond such impairment, entered
judgment for the plaintiff, and denied the plaintiff's motion for
a new trial. The Macomb Circuit Court, Frank E. Jeannette, J.,
affirmed. The Court of Appeals, Allen, P.J., and D. F. Walsh
and MacKenzie, JJ., denied leave to appeal (Docket No. 67010).
The plaintiff appeals.

Phillip Incarnati brought an action in the Wayne Circuit Court
against Michael W. Savage for similar damages arising out of
an automobile-motorcycle accident. The court, Theodore R.
Bohn, J., granted the plaintiff's motion to amend a deposition,
instructed the jury in the same manner as the court in *Byer*,
and entered judgment for the plaintiff. The Court of Appeals,
Bronson, P.J., and R. M. Maher and Warshawsky, JJ., reversed
on the ground that permitting correction of the error was
prejudicial to the defendant and that correction of the error
should have been deemed waived, although it held that on
remand the jury should be instructed that the plaintiff is
entitled to recover noneconomic damages for the period beyond
which he suffered serious impairment of body function (Docket

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance §§ 349, 358.

What constitutes sufficiently serious personal injury, disability,
impairment, or the like to justify recovery of damages outside of
no-fault insurance coverage. 33 ALR4th 767.

[3] 75 Am Jur 2d, Trial § 623.

[4] 23 Am Jur 2d, Depositions and Discovery § 162.

No. 54995). The defendant appeals and the plaintiff cross-appeals.

In a unanimous opinion by Justice Levin, the Supreme Court *held:*

A person who is seriously impaired in body function may recover damages for pain and suffering and other sequelae of the injury after the impairment is no longer serious.

1. Under the no-fault act, recovery of noneconomic loss is barred unless an injury is serious. Once death, serious impairment of body function, or permanent serious disfigurement is established, an action for noneconomic loss may be maintained. The limits on tort liability under the act, including serious impairment of body function, are thresholds and not continuing limitations. Once the threshold is met, liability extends to pain and suffering and other sequelae of the injury.

2. In these cases, the juries were instructed that the plaintiffs were entitled to recover noneconomic damages only for the period in which serious impairment of body function was suffered and not for a period beyond such impairment, contrary to the intent of the Legislature. Thus, the plaintiffs are entitled to new trials at which the erroneous instructions are not repeated.

3. A trial court may allow correction of an error in a transcript of a deposition at any time, even where the error might have been discovered earlier in the exercise of due diligence. In *Incarnati,* it is not necessary to reach the questions whether permitting correction of a transcript after testimony was substantially completed was error or whether the defendant was prejudiced by the correction because the plaintiff sought a new trial on the basis of the instructional error on serious impairment and did not seek to have the judgment on the jury verdict in his favor affirmed if the defendant's appeal were rejected. On remand, at the new trial, the transcript shall be deemed corrected as ordered by the circuit court.

*Byer,* reversed and remanded.

*Incarnati,* affirmed in part, reversed in part, and remanded.

122 Mich App 12; 329 NW2d 790 (1982) affirmed in part and reversed in part.

1. INSURANCE — NO-FAULT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A person who is seriously impaired in body function may recover damages for pain and suffering and other sequelae of the injury after the impairment is no longer serious (MCL 500.3135; MSA 24.13135).

2. Insurance — No-Fault — Tort Liability — Serious Impairment of Body Function.

The limits on tort liability under the no-fault act, including serious impairment of body function, are thresholds and not continuing limitations; once the threshold is met, liability extends to pain and suffering and other sequelae of the injury (MCL 500.3135; MSA 24.13135).

3. Insurance — No-Fault — Tort Liability — Serious Impairment of Body Function — Jury Instructions.

Instructions of juries in separate no-fault cases that the plaintiffs were entitled to recover noneconomic damages only for the period in which serious impairment of body function was suffered and not for a period beyond such impairment were error, entitling the plaintiffs to new trials (MCL 500.3135; MSA 24.13135).

4. Discovery — Correction of Transcripts.

A trial court may allow correction of an error in a transcript of a deposition at any time, even where the error might have been discovered earlier in the exercise of due diligence (GCR 1963, 308.4).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw)* for plaintiff Byer.

*Glime, Daoust, Wilds, Rusing & Widlak* (by *George S. Cabot)* for defendant Smith.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Jack E. VanderMale),* for plaintiff Incarnati.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Charles T. McCutcheon, Jr.); Gromek, Bendure & Thomas* (by *John A. Lydick),* of counsel, for defendant Savage.

Levin, J. The no-fault automobile liability act abolishes tort liability for noneconomic loss unless the physical injury is as severe as death, permanent serious disfigurement, or serious impairment

of body function.[1] The question presented is whether a person who is seriously impaired in body function may recover damages for pain and suffering and other sequelae of the injury after the impairment is no longer serious. We hold that he may.

In both *Byer* and *Incarnati,* the juries were instructed in accordance with the decision of the Court of Appeals in *Rusinek v Schultz, Snyder & Steele Lumber Co,* 98 Mich App 380; 296 NW2d 262 (1980), *rev'd in part on other grounds* 411 Mich 502; 309 NW2d 163 (1981), that a plaintiff was entitled to recover noneconomic damages only for the period in which he suffered a serious impairment of body function and that a plaintiff was not entitled to recover damages for a period

---

[1] "(1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

"(2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished except as to:

"(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer such harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.

"(b) Damages for noneconomic loss as provided and limited in subsection (1).

"(c) Damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured.

"(d) Damages up to $400.00 to motor vehicles, to the extent that the damages are not covered by insurance. An action for damages pursuant to this subdivision shall be conducted in compliance with subsection (3)." MCL 500.3135; MSA 24.13135.

beyond which he suffered such a serious impairment.

# I

The question presented cannot arise where the injury suffered is death or permanent serious disfigurement. One may, however, recover from a serious impairment of body function.

The defendants point to the language of subsection 2(b) of § 3135[2] which states that damages for noneconomic loss are recoverable only "as provided and limited in subsection (1)", stating the "serious impairment" threshold, and argue that the act thus provides in terms that "serious impairment" is a continuing limitation as well as a threshold. The plaintiffs respond that serious impairment is a hurdle not a floor.

Either construction of the act is consistent with the Legislature's purpose of barring any recovery whatsoever for noneconomic loss unless the injury is serious and of relieving the courts of the burden of litigation where the injury is not serious. Once the plaintiff establishes serious impairment, he may maintain an action for noneconomic loss. The tort measure of damages requires the factfinder to make a prediction regarding future damages. There can thus be only one lawsuit and only one assessment of damages. There is not a separate assessment of damages from time to time as in, say, a workers' compensation case based on the claimant's current state of recovery from his injuries. Refusing to allow recovery for sequelae after an injury has ceased to be serious would not reduce the number of lawsuits or the burden of litigation.

Nor do we find the linguistic argument persua-

---

[2] See fn 1.

sive. "Serious impairment of body function" functions as a limitation if construed as simply a threshold and as not intended to serve a larger purpose.

It is our understanding that the Legislature's purpose in establishing the criteria of death, permanent serious disfigurement, and serious impairment of body function, was simply to weed out from the tort system claims for injuries less severe than the criteria. The Legislature might have gone further, and the serious impairment language could indeed be construed to bring about such a result. But no other state has enacted a continuing limitation of the kind that the defendants contend the Michigan Legislature enacted.

Automobile no-fault acts generally provide that death and serious disfigurement are tort liability thresholds. Many of the acts contain medical expense thresholds. Many require some type of permanent injury.[3] The Uniform Motor Vehicle Accident Reparations Act provides for tort recovery where the noneconomic damages exceed a stated limitation, "but only if the accident causes death, significant permanent injury, serious permanent disfigurement, or more than 6 months of a complete inability of the injured person to work in an occupation". The commentary states that "[t]he thrust of this paragraph is to preserve tort actions for noneconomic detriment only for persons who have suffered very *serious* injury".[4] (Emphasis added.) The model act proposed by Professors Keeton and O'Connell in their influential work exempted no-fault insureds from tort liability unless either the pain and suffering exceeded $5,000 or

[3] Schermer, Automobile Liability Insurance, §§ 10.01-10.04.

[4] 14 ULA, Uniform Motor Vehicle Accident Reparations Act, § 5(a)(7), pp 64, 68.

other damages exceeded $10,000; the commentary states that "in cases of more *severe* injury, the tort action is preserved, but the recovery is reduced by these same amounts."[5] (Emphasis added.)

It thus appears that under both model acts, on which the Michigan act was based, the criteria for determining whether a tort action can be maintained seek, as does the Michigan act, to preserve tort liability where the injury is serious or severe. Neither model act and no state act seek to guard against recovery in tort for sequelae suffered after the injury ceases to be serious or severe.

Recognizing the force of the defendant's argument, we believe that while Michigan's unique "serious impairment of body function" terminology could, on that basis, be construed as a continuing limitation, it is more likely that the Legislature had no such larger purpose in mind and did not intend to enact a limitation on tort liability that functions other than, as under the model acts and other state acts, as a threshold.

## II

In *Incarnati,* there is another issue. The trial judge allowed the plaintiff, on the third day of trial, to correct the transcript of a doctor's deposition to change the word "inconsistent" to "consistent". The Court of Appeals held that the error should have been discovered by the plaintiff by reviewing the transcript during the nearly two-year period that intervened between the taking of the deposition and the trial, and that plaintiff's failure to do so constituted a failure to exercise

[5] Keeton & O'Connell, Basic Protection for the Traffic Victim: A Blueprint for Reforming Automobile Insurance, pp 7, 323. The commentary uses the word "severe" or "severity" to describe the proposed tort liability threshold, pp 441 ff.

due diligence and, under the court rule,[6] "the transcript mistake should have been deemed waived."[7]

We do not understand the court rule as barring a trial judge from allowing a transcript error to be corrected at anytime, even in those cases where in the exercise of "due diligence" the error might have been earlier discovered. *Cf. Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407; 331 NW2d 418 (1982).

We need not reach the questions whether the judge in the instant case properly allowed the transcript to be corrected after the trial testimony was substantially completed or whether the defendant was prejudiced thereby because the plaintiff in his briefs on appeal and cross-appeal and during oral argument sought a new trial on the basis of the instructional error on serious impairment and did not seek to have the judgment on the jury verdict in plaintiff's favor affirmed if we reject the defendant's appeal. At the new trial, the transcript shall be deemed corrected as ordered by the circuit judge.

### III

For the reasons previously stated, the instructions in both *Byer* and *Incarnati* were erroneous. The plaintiffs are entitled to new trials at which the erroneous instructions are not repeated. In

---

[6] "As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the person before whom taken under Rules 306 or 307 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained." GCR 1963, 308.4.

[7] *Incarnati v Savage,* 122 Mich App 12, 16; 329 NW2d 790 (1982).

*Byer,* the decision of the Court of Appeals is reversed; in *Incarnati,* the decision of the Court of Appeals is reversed in part and affirmed in part, and the causes are remanded to the trial courts for new trials.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with LEVIN, J.