MIELKE v WATERMAN

Docket No. 77881. Submitted January 24, 1985, at Lansing.—Decided August 19, 1985. Leave to appeal denied, 424 Mich 873.

Plaintiff, Dennis Mielke, brought an action in the Saginaw Circuit Court against defendants, Charles Waterman and Brian L. Waterman, seeking to recover damages for noneconomic losses resulting from an alleged serious impairment of body function incurred in an automobile accident. The trial court, Robert S. Gilbert, J., entered an order granting defendants' motion for an accelerated judgment, holding that plaintiff's claim was barred by the applicable statute of limitations. Plaintiff appeals. *Held:*

1. In an action such as this, the cause of action accrues when the five essential elements of the cause of action have occurred and can be alleged in a proper complaint. The cause of action here cannot have accrued before the alleged serious impairment occurred.

2. Plaintiff's cause of action accrued on May 3, 1982, when the serious impairment of body function, epilepsy, first manifested itself. The cause of action did not accrue on August 19, 1977, the date on which plaintiff was injured in the automobile accident. Therefore, plaintiff's complaint, filed on November 22, 1983, was timely. The trial court erred in granting the accelerated judgment.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION — ACCRUAL OF ACTIONS — LIMITATION OF ACTIONS.

The three-year period of limitations applicable to an action for noneconomic losses from an alleged serious impairment of body function resulting from an automobile accident runs from the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Automobile Insurance §§ 358, 461.
When statute of limitations commences to run on automobile no-fault insurance personal injury claim. 36 ALR4th 357.
What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

time that the claim accrues (MCL 500.3135, 600.5805[8], 600.5827; MSA 24.13135, 27A.5805[8], 27A.5827).

2. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION — ACCRUAL OF ACTIONS.

A cause of action for noneconomic losses from an alleged serious impairment of body function resulting from an automobile accident accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint; the elements of such cause of action are (1) the existence of a legal duty by defendant toward plaintiff, (2) the breach of such duty, (3) a proximate causal relationship between the breach of such duty and an injury to the plaintiff, (4) the plaintiff must have suffered damages, and (5) the plaintiff must have suffered a serious impairment of body function; such cause of action does not accrue until the plaintiff discovers or should have discovered the serious impairment of body function (MCL 500.3135; MSA 24.13135).

*Van Benschoten, Hurlburt & Van Benschoten, P.C.* (by *John I. Tsiros*), for plaintiff.

*Collison, Chasnis & Dogger, P.C.* (by *Charles C. Collison* and *Joseph T. Collison*), for defendants.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR., and M. F. SAPALA,* JJ.

M. F. SAPALA, J. In this action, plaintiff sought to recover damages for noneconomic losses from an alleged serious impairment of body function, MCL 500.3135; MSA 24.13135. The circuit judge granted an accelerated judgment for defendants pursuant to GCR 1963, 116.1(5), holding that plaintiff's claim was barred by the applicable statute of limitations, MCL 600.5805(8); MSA 27A.5805(8). Plaintiff appeals as of right.

MCL 600.5805(8); MSA 27A.5805(8) provides:

"The period of limitations is 3 years after the time of

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

MCL 600.5827; MSA 27A.5827 provides:

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

In *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150-151; 200 NW2d 70 (1972), the Court interpreted MCL 600.5827; MSA 27A.5827 as follows:

"In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

"Those elements are four in number.

"(1) The existence of a legal duty by defendant toward plaintiff.

"(2) The breach of such duty.

"(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

"(4) The plaintiff must have suffered damages.

                    *  *  *

"It is quite common in personal injury actions to allege and prove future loss of earning capacity, future medical expenses, future pain and suffering. Indeed all of these elements must be alleged and proved in a single cause of action. Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does

the statute of limitations begin to run anew as each item of damage is incurred."

Plaintiff was injured in an automobile accident on August 19, 1977. Plaintiff's alleged serious impairment of body function, epilepsy, first manifested itself on May 3, 1982, when plaintiff had a convulsive seizure. Plaintiff claims that medical evidence will show that his epilepsy developed as a result of post-traumatic scarring on the brain caused by the automobile accident.

Plaintiff's complaint was filed on November 22, 1983. It is clear that plaintiff's claim was barred if his cause of action accrued on August 19, 1977, but not if it accrued on May 3, 1982. The circuit judge explained his reasoning as follows:

"In this case the plaintiff suffered damages immediately upon the occurrence of the accident in August of 1977. Whether such damages were sufficient to institute an action under the no-fault statute is not material. Plaintiff's action accrued on August 19, 1977, and the fact that further damages arose in May of 1982 resulting from the accident does not toll the statute of limitation."

We do not agree. Serious impairment of body function is a threshold established by MCL 500.3135; MSA 24.13135 for tort liability caused by ownership, maintenance, or use of a motor vehicle. See *Byer v Smith,* 419 Mich 541; 357 NW2d 644 (1984). The serious impairment of body function is an essential element of the plaintiff's cause of action, not merely a later additional item of damages. In an action like that presented here, an additional element must be added to the four essential elements specified in *Connelly* for an action for damages arising out of tortious injury to a person: (5) The plaintiff must have suffered a

serious impairment of body function. A cause of action for damages for noneconomic losses from a serious impairment of body function cannot have accrued before the alleged serious impairment occurred.

Moreover, *Connelly* held that a cause of action does not accrue until all the essential elements of the cause of action have not only occurred but also "can be alleged in a proper complaint". In *Williams v Polgar,* 391 Mich 6, 25; 215 NW2d 149 (1974), the Court applied the *Connelly* standards to an action for negligent misrepresentation by a title abstracter:

"Under these standards, is there a tort cause of action accruing before plaintiff has knowledge, or should have knowledge, of the negligent misrepresentation? We think not.

"General tort law principles in Michigan as discussed *supra,* support our determination that the statute of limitations does not begin running until the point where plaintiff knows or should have known of this negligent misrepresentation. At that point, the four elements in *Connelly, supra,* are satisfied: a legal duty exists, such duty is breached, a proximate causal relation is established (if plaintiff can show reliance on the abstract), and the plaintiff then is, or should be, aware of any resultant damages." (footnotes omitted).

See also *Mays v Three Rivers Rubber Corp,* 135 Mich App 42, 49; 352 NW2d 339 (1984), *Filcek v Utica Building Co,* 131 Mich App 396, 399; 345 NW2d 707 (1984), and *Bonney v The Upjohn Co,* 129 Mich App 18, 23-24; 342 NW2d 551 (1983).

Because plaintiff's cause of action did not accrue until he could allege all of the essential elements of the cause of action in a proper complaint, plaintiff's cause of action did not accrue until he discovered or should have discovered the serious

impairment of body function. Plaintiff's cause of action therefore accrued on May 3, 1982.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.