## HORAN v BROWN

Docket Nos. 78927, 78937. Submitted October 9, 1985, at Detroit.—
Decided January 22, 1986. Leave to appeal applied for.

Plaintiff, Mary C. Horan, brought an action against Alan J.
Brown on November 2, 1983, alleging that she had been injured
in an automobile accident on February 19, 1979, while riding as
a passenger in the automobile driven by Brown. Brown an-
swered, raising the statute of limitations as a defense. Plaintiff
responded by alleging that she did not know, and could not
have known, that her alleged injuries constituted serious im-
pairment of a body function until August, 1983. Plaintiff filed
an amended complaint adding as defendants John V. Brown,
the owner of the automobile, and Daniel L. Snyder, the driver
of the other automobile involved. The defendants sought accel-
erated judgment on the basis of the statute of limitations, and
the Oakland Circuit Court, David F. Breck, J., denied the
motion. Defendants Brown and defendant Snyder appealed
separately by leave granted and the appeals were consolidated.
*Held:*

A cause of action for damages for noneconomic losses from a
serious impairment of a body function does not accrue until the
plaintiff discovers or should have discovered the serious impair-
ment of body function. The threshold level of injury is an
essential element of damages without which the plaintiff is
unable to proceed with a tort claim. Therefore, all of the
elements of plaintiff's cause of action did not occur until her
injuries manifested themselves in a serious impairment of body
function. The period of limitations on the tort claim began to
run at that time, August, 1983, and plaintiff's complaint was,
therefore, timely.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — SERIOUS
    IMPAIRMENT OF BODY FUNCTION — ACCRUAL OF ACTIONS.

A cause of action for noneconomic losses from an alleged serious
    impairment of body function resulting from an automobile

REFERENCES

Am Jur 2d, Automobile Insurance §§ 25, 35, 340-368.

When statute of limitations commences to run on automobile no-
fault insurance personal injury claim. 36 ALR4th 357.

accident accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint; the elements of such cause of action are: (1) the existence of a legal duty by defendant toward plaintiff, (2) the breach of such duty, (3) a proximate causal relationship between the breach of such duty and an injury to the plaintiff, (4) the plaintiff must have suffered damages which, under the no-fault act, must rise to the level of a serious impairment of body function; such cause of action does not accrue until the plaintiff discovers or should have discovered the serious impairment of body function (MCL 500.3135; MSA 24.13135).

*Goodman & Miller* (by *Mark A. Baun),* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.* (by *William D. Eggenberger),* for defendant Brown.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Michael A. Gunderson),* for defendant Snyder.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. On November 2, 1983, plaintiff filed a complaint against Alan John Brown alleging that on February 19, 1979, she was injured in an automobile accident while riding as a passenger in a car driven by Brown. Brown answered and raised the statute of limitations, MCL 600.5805; MSA 27A.5805, as an affirmative defense. Plaintiff responded to the defense alleging that she did not know nor could have reasonably known of her serious impairment until August of 1983. Subsequently, plaintiff filed an amended complaint adding as defendants John V. Brown, the owner of the car driven by Alan Brown, and Daniel Loyce Snyder, the driver of the other car involved in the accident.

All defendants filed a motion for accelerated judgment, GCR 1963, 116.1(5), now MCR 2.116(C)(7), asserting the statute of limitations defense. The trial court denied the motion on the basis that the period of limitations does not begin to run until the threshold level of serious impairment of body function has been met. Defendants appeal by leave granted.

It is undisputed that the statute of limitations, MCL 600.5805(8); MSA 27A.5805(8), is applicable to this case and provides:

"The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

MCL 600.5827; MSA 27A.5827 further provides:

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 and 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

The sole question on appeal is: When does a cause of action for serious impairment of body function accrue so as to begin the running of the period of limitations? In *Mielke v Waterman,* 145 Mich App 22; 377 NW2d 328 (1985), this Court held that a cause of action for damages for noneconomic losses from a serious impairment of body function does not accrue until the plaintiff discovers or should have discovered the serious impairment of body function. We agree.

As noted by the *Mielke* Court, the Supreme

Court has interpreted MCL 600.5827; MSA 27A.5827 as follows:

" 'In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

" 'Those elements are four in number.

" '(1) The existence of a legal duty by defendant toward plaintiff.

" '(2) The breach of such duty.

" '(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

" '(4) The plaintiff must have suffered damages.

\* \* \*

" 'It is quite common in personal injury actions to allege and prove future loss of earning capacity, future medical expense, future pain and suffering. Indeed all of these elements must be alleged and proved in a single cause of action. Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.' " *Mielke, supra,* pp 24-25, quoting *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150-151; 200 NW2d 70 (1972).

Under the no-fault act, a prerequisite for maintaining a suit for noneconomic loss arising from the ownership, maintenance or use of a motor vehicle is that the injured person suffer death, serious impairment of body function or permanent serious disfigurement MCL 500.3135(1); MSA 24.13135(1). Thus, while we hesitate to coin this statutory prerequisite as a "fifth element" of the plaintiff's cause of action as did the *Mielke* Court, we do conclude that the threshold level is an essential element of damages without which the

plaintiff is unable to proceed. Therefore, all of the elements of plaintiff's cause of action in this case did not occur until her injuries manifested themselves in a serious impairment of body function.

We disagree with defendants that this holding frustrates the legislative purpose of the no-fault act. The Legislature's purpose in establishing the serious impairment threshold was to "weed out from the tort system claims for injuries less severe than the criteria" under the no-fault act while preserving tort liability for those injuries which are severe and serious. *Byer v Smith,* 419 Mich 541, 546; 357 NW2d 644 (1984). Our holding today is consistent with this purpose.

Nor do we believe our holding will provide the dilatory plaintiff with a method for circumventing the statute of limitations. Any plaintiff bringing such a claim will have to overcome at least two additional obstacles. First, the plaintiff will have to prove that the serious impairment of body function did not in fact occur until sometime after the injury, and second, that the serious impairment of body function was proximately caused by the now-distant injury. These obstacles will stem the chaos envisioned by the defendants.

Affirmed.