SHERRELL v BUGASKI

Docket No. 95962. Submitted April 5, 1988, at Detroit. Decided June 6, 1988.

On January 7, 1979, Mary A. Sherrell was in an automobile accident involving a City of Detroit police car driven by Bobby Bugaski. On April 24, 1980, she filed suit against the city and Bugaski for damages for injuries she sustained as a result of the accident, alleging that her injuries included severe headaches, pain in her lower back, and shock to her nervous system. On July 13, 1983, the trial court granted defendants' motion for summary judgment on the basis that there was no genuine issue of material fact as to the issue of serious impairment of bodily function. Thereafter, she discovered that she had a herniated disc, which she alleges was the result of the automobile accident. On May 8, 1986, she once again filed a negligence action in the Wayne Circuit Court against defendants. Defendants then filed a motion for summary disposition, which was denied, Cynthia D. Stephens, J. Defendants appeal by leave granted.

The Court of Appeals *held:*

1. Plaintiff's claim is barred by the doctrine of res judicata, as the matter raised in the present case was adjudicated in the prior lawsuit. A change in the facts on the issue of damages does not bar the application of res judicata.

2. Plaintiff's claim had accrued by the date of her previous lawsuit, the statute of limitations was not tolled, and her claim is barred by the running of the period of limitations.

Reversed and judgment granted for defendants.

1. Words and Phrases — Res Judicata.

The doctrine of res judicata provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by the losing party;

References

Am Jur 2d, Judgments §§ 394 *et seq.*

Am Jur 2d, Limitation of Actions §§ 102-104, 135-137, 138 *et seq.*

See the Index to Annotations under Limitation of Actions; Judgments; Res Judicata.

there are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first action; and (3) the two actions must be between the same parties or their privies.

2. Judgments — Res Judicata.

A change in fact may not avoid the application of the doctrine of res judicata except in areas of law where there are important competing considerations.

3. Limitation of Actions — Personal Injury — Damages.

Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run; later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.

4. Limitation of Actions — Tolling.

The period of limitation is tolled during the time in which a prior action between the parties is pending if the prior action is not adjudicated on the merits and is dismissed for lack of subject-matter jurisdiction (MCL 600.5856; MSA 27A.5856).

5. Judgments — Dismissal.

A dismissal on motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits.

*Turner & Turner, P.C.* (by *Lauri R. Ellias*), for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Ronald A. Weglarz*), for defendants.

Before: J. H. Gillis, P.J., and Wahls and Doctoroff, JJ.

Doctoroff, J. Defendants appeal by leave granted from the decision of the trial court denying their motion for summary disposition on the basis of the statute of limitations and res judicata. MCR 2.116(C)(7). We reverse.

On January 7, 1979, plaintiff was involved in an automobile accident with a City of Detroit police car driven by defendant Bobby Bugaski. On April 24, 1980, plaintiff filed suit against defendants for injuries she sustained as a result of the accident. Plaintiff alleged that her injuries included severe headaches, pain in her lower back, and shock to her nervous system. On July 13, 1983, the trial court granted defendants' motion for summary judgment on the basis that there was no genuine issue of material fact as to the issue of serious impairment of bodily function under MCL 500.3135; MSA 24.13135. We affirmed the trial court in *Sherrell v Bugaski,* 140 Mich App 708; 364 NW2d 684 (1984).

On November 21, 1985, plaintiff discovered that she had a herniated disc, which she alleges was the result of the automobile accident. On May 8, 1986, plaintiff once again filed a negligence action against defendants. Defendants then filed a motion for summary disposition, which was denied.

On appeal, defendants raise two issues. They claim that the trial court erred by denying their motion for summary disposition on the basis that plaintiff's suit was not barred under the doctrine of res judicata and by denying it on the basis that the period of limitations had not expired.

First as to the issue of res judicata, we find that the trial court erred by denying defendants' motion for summary disposition on this basis.

The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to confusion and chaos for the litigants and results in the inefficient use of judicial resources. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 615; 275 NW2d 499 (1979). Under the broad application of res judicata that has been adopted in Michigan, claims that

were actually litigated are barred from the second action as well as those claims arising out of the same transaction which plaintiff could have brought, but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980). This Court in *Ward v DAIIE,* 115 Mich App 30, 37; 320 NW2d 280 (1982), set forth the elements of res judicata:

> The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party. In *Tucker v Rohrback,* [13 Mich 73, 75 (1864)] the Supreme Court delineated three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies.

There is no question but that the suit which plaintiff filed in April, 1980, was against the very same defendants as are being sued in the instant case. Additionally, there is little dispute that plaintiff's first suit was decided on the merits presented. The trial court in the 1980 suit granted defendants' motion for summary disposition because there was no genuine issue as to the damages plaintiff sustained in the accident; as a matter of law, therefore, there was no serious impairment of bodily function. This Court affirmed in *Sherrell, supra.* The previous decision was thus final and was made on the merits. See *Carter v SEMTA,* 135 Mich App 261, 265; 351 NW2d 920 (1984), lv den 422 Mich 881 (1985).

Plaintiff in argument would have us accept that the second *Ward* element is not present in this

case. She asserts that, because she had an additional injury which manifested itself only after the first lawsuit, the same matter is not being contested in the instant case as was decided in the prior suit. In support of this contention, plaintiff relies on *Horan v Brown,* 148 Mich App 464, 466; 384 NW2d 805 (1986), lv den 425 Mich 876 (1986), in which the Court held that a claim under the no-fault act does not accrue for purposes of the statute of limitations until the resulting injuries have been discovered. Further, plaintiff asserts that the application of res judicata is limited to those claims which she could have raised in the first lawsuit, *Courtney v Feldstein,* 147 Mich App 70, 75; 382 NW2d 734 (1985), lv den 424 Mich 901 (1986), contending that she could not have raised this injury in the first lawsuit as she had not discovered it.

We must disagree with plaintiff's reliance on *Horan* and her conclusions. Plaintiff's claim is barred by the doctrine of res judicata, as the matter raised in the present case was certainly adjudicated in the prior lawsuit. *Ward, supra.* Here, as in the first lawsuit, plaintiff is suing defendants for negligence in operating a motor vehicle. The previous suit was dismissed expressly on the issue of lack of damages. Simply because the facts on the issue of plaintiff's damages have changed, the application of res judicata is not barred. The only instance where a change in fact *may* cause an evasion of the application of res judicata is in an area of law where there are important competing considerations, such as worker's compensation. See *Gose, supra,* p 176. In worker's compensation cases, the remedial purpose of the statute is to maintain the fiscal integrity of persons whose wage-earning ability has been suspended or terminated. *Id.* Thus, an injury discov-

ered after a lawsuit would be considered in recalculating a plaintiff's damages and res judicata would not apply to bar such recalculation.

No such important remedial policy applies in the present personal injury case. As Justice LEVIN, dissenting on other grounds, pointed out in *Gose:*

> In a negligence action, the trier is required to predict the likely future complications and damages and to ascertain a lump sum to compensate for past, present and future damages. There is no modification of the verdict even where the passage of time proves the prediction erroneous, *and a second suit for damages resulting from the same breach is not permitted even if there has been a change in physical condition* or other circumstance. In this context, the defendant is entitled to rely on the plaintiff's having presented all claims arising from the breach. He only expects to have to defend one suit. [*Id.,* p 199. Emphasis added.]

We therefore conclude that plaintiff's change in physical condition does not warrant suspending the application of res judicata to bar her claim. We thus reverse the trial court's denial of defendants' motion on this basis.

We turn now to the second issue raised by defendants, that the trial court erred by denying their motion for summary disposition, determining that the period of limitations had not expired.

MCL 600.5805; MSA 27A.5805 provides in relevant part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
>         *    *    *

(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

Without question, plaintiff's present claim was not filed within three years of the date of the accident, but rather 7½ years later. Plaintiff argues, however, that the period of limitations does not begin to run until the cause of action accrues. She would have us hold that the claim did not accrue until May, 1985, when she discovered her herniated disc, and relies on *Horan, supra,* for the proposition that a cause of action under the no-fault act does not accrue until the person discovers or should have discovered the serious impairment of bodily function. While that may be correct, plaintiff fails to see that her claim had already accrued under the law when she filed her first suit in April, 1980. Simply because plaintiff's injury failed to rise to the requisite level for recovery in the first suit does not mean her claim had not yet accrued. As the Supreme Court stated in *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 151; 200 NW2d 70 (1972):

Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.

Thus, plaintiff's cause of action accrued when she discovered the injuries for which she sued in the first action she filed in 1980.

Additionally, the statute of limitations was not tolled during the pendency of plaintiff's first lawsuit.

MCL 600.5856; MSA 27A.5856, provides:

> The statutes of limitations are tolled when:
> (1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
> (2) jurisdiction over the defendant is otherwise acquired, or when
> (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter.

This statute permits the tolling of the statute of limitations during the pendency of a prior suit between the parties where the prior action was not adjudicated on the merits. *Meda v City of Howell,* 110 Mich App 179; 312 NW2d 202 (1981).

Plaintiff's prior suit against defendants was dismissed on a motion for summary disposition because there was no issue of material fact as to whether a serious impairment of body function existed. A dismissal on motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits. See *Carter, supra,* p 265. Thus, the statute of limitations in the present case was not tolled during the pendency of plaintiff's first suit.

We, therefore, hold that plaintiff's claim had already accrued by the date of her previous lawsuit, that the statute of limitations was not tolled, and that plaintiff's claim is barred by the running of the period of limitations. The trial court therefore erred by failing to grant defendants' motion for summary disposition on this basis.

Accordingly, we reverse the order of the trial court denying defendants' motion for summary disposition and grant judgment to defendants.