805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy CHANDLER; Bobby J. White, Plaintiffs-Appellants,
v.
Terry Robert OPLINGER, Defendant-Appellee.
 No. 85-1739.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1986.
 
 Before KEITH and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Chandler and White appeal from an order granting summary judgment for defendant Oplinger in this diversity action seeking damages for personal injury. In late October 1981, Chandler and White were driver and passenger respectively of a car which collided with an auto driven by the defendant. Although the plaintiffs appeared unhurt at the scene of the accident and were able to drive away, they appeared the next day at the emergency room of the local hospital complaining of various aches and pains. During the ensuing three years, the plaintiffs underwent a number of tests and examinations. The results of those tests and examinations comprise the medical evidence in the record. After a careful review of that record and the district court opinion, we affirm the order of the district court.
 
 
 2
 Under the governing law of the case, Michigan No Fault Act, M.C.L.A. 500.3100 et seq., injured parties seeking a hearing on tort liability for the recovery of noneconomic losses must, to be compensated, first prove that their injuries rise to the level of a serious impairment of body function. M.C.L.A. 500.3135; Cassidy v. McGovern, 415 Mich. 483, 330 NW 2d 22 (1982), reh'g denied, 417 Mich. 1104 (1983). When there is no factual dispute regarding the extent of a plaintiff's injuries, the district court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function, Cassidy, 415 Mich. at 488; 330 N.W.2d at 29, and thus whether the plaintiff is entitled to a hearing on tort liability.
 
 
 3
 In the case at bar, the district court determined that the plaintiffs' injuries did not seriously impair body functions and granted summary judgment to the defendant. We agree with the district court's determination.
 
 I.
 
 4
 The facts are as follows. When the accident occurred, plaintiff Leroy Chandler struck his head, left knee and side on various parts of the car's interior. The next day Chandler went to an emergency room complaining of pain in his left knee and rib area. X-rays showed no bone fractures, dislocation or damage. The following month Chandler sought treatment from a physician who diagnosed some injury to the knee and suggested treatment with physical therapy and injections of cortisone. A second physician consulted by Chandler two months after the accident noted Chandler's subjective report of pain in the left knee. In March of 1983, Chandler underwent an arthroscopy, a procedure permitting examination of the inside of the knee.
 
 
 5
 During this timespan Chandler worked as a distribution clerk for the Red Cross in Washington, D.C. He also worked as a mechanic and as a worker at McDonald's Restaurants. At the time of the accident, Chandler was laid off from his job at Cunningham's Drug Store. Chandler maintained that he was fired from a mechanic's job because of his inability to stand or kneel for long periods. The defendant asserted that Chandler's main complaint was his inability to play recreational sports.
 
 
 6
 Plaintiff White also sought treatment at the emergency room one day after the accident and was advised by the examining physician to use massage and heat treatment. In November 1981, a treating physician diagnosed her as having a contusion, a cerebral concussion and strain of the shoulder and spine. White received outpatient care on a regular basis. A later neurological examination found results indicating mild nerve irritation. Two subsequent medical examinations found White to be not disabled. Between February of 1983 and September 1984, White saw three physicians, the last a neurosurgeon who recommended exercises and a brace. A CAT Scan showed no abnormalities. Though White insisted that she lost time from work due to her injuries, she received a raise and a promotion from her employer in Washington, D.C.
 
 II.
 
 7
 The Michigan Supreme Court has held that a finding of "serious impairment of body function" is a threshold requirement a plaintiff must meet before he or she may recover damages in a negligence action. Byer v. Smith, 419 Mich. 541, 357 N.W.2d 644 (1984). The purpose of this threshold requirement is twofold: first, to bar recovery for noneconomic loss unless the injury is serious; and, second, to relieve courts of the burdens of litigation where the injury is not serious. Id.; Cassidy, 415 Mich. at 488, 330 N.W.2d at 29. As noted earlier, where there is no factual dispute material to the determination of serious impairment of body function, that determination must be one made as a matter of law by the judge, not the jury. Cassidy.
 
 
 8
 In this case, the parties disputed not the extent of plaintiffs' injury but rather whether the district court should have left the determination of "serious impairment" to the trier of fact, i.e. a jury. We hold, therefore, that absent a factual dispute over the extent of the injury, the district court properly determined that the plaintiffs' injuries were not severe enough to be presented to a jury. As to whether the district court correctly assessed the seriousness of plaintiffs' injury, we note that Michigan courts have found no serious impairment of body function where the injuries did not significantly interfere with a plaintiff's lifestyle, did not prevent the plaintiff from gainful employment and did not produce objective findings consistent with complaints of pain. See e.g. Guerrero v. Schoolmeester, 135 Mich.App 742, 356 N.W.2d 251 (1984).
 
 
 9
 Given that precedent, we note further that nothing in the record suggests that the plaintiffs are unable to have a normal lifestyle to the extent contemplated by the objective standards of the Michigan No Fault Act. Both plaintiffs have exhibited an ability to engage in gainful employment, so much so that White received a raise and a promotion despite her alleged injuries. Finally, subjective claims of pain cannot form a basis for permitting a tort remedy where, as here, the plaintiff is unable to produce objective, medically substantiated findings consistent with those claims.
 
 
 10
 We find, therefore, that the district court properly held as a matter of law that the plaintiffs' injuries did not meet the threshold requirement of serious impairment of body function. Accordingly, the order granting summary judgment in favor of the defendant is AFFIRMED.