### HOHENDORF v MEAGHER

Docket No. 123690. Submitted March 6, 1991, at Detroit. Decided
April 2, 1991, at 9:30 A.M.

Jeffrey W. Hohendorf and Kathie Hohendorf brought a negli-
gence action in April 1984 in the Macomb Circuit Court against
John T. Meagher, alleging serious impairment of body function
of Jeffrey as a result of an automobile accident in 1982. The
matter was removed to the 42-2 District Court, Richard Cyrul,
J., and subsequently dismissed. In July 1989, the plaintiffs
brought another action against the defendant, alleging that the
accident resulted in a herniated disc in Jeffrey's back which
was not diagnosed until October 1988. The court, Michael D.
Schwartz, J., granted summary disposition for the defendant,
ruling that the action was barred by res judicata and the three-
year statute of limitations for personal injury claims, MCL
600.5805; MSA 27A.5805. The plaintiffs appealed.

The Court of Appeals *held:*

The trial court did not err in ruling that the plaintiffs' action
was barred by the statute of limitations.

1. Once all the elements of an action for personal injury,
including the element of damage, are present, the claim ac-
crues and the statute of limitations begins to run. Later dam-
ages may result, but they give rise to no new cause of action,
nor does the statute of limitations begin to run anew as each
item of damage is incurred.

2. In an automobile negligence action, the statute of limita-
tions is not tolled until such time as the plaintiff discovers or
should discover that the injury sustained constitutes a serious
impairment of bodily function.

3. The plaintiffs' claim that the trial court erred in finding
their suit barred by the doctrine of res judicata need not be
addressed.

Affirmed.

*Gary W. Baun,* for the plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon,
Schoolmaster & Taylor* (by *Charles Trickey, III),*

and *Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Mary T. Nemeth*), for the defendant.

Before: McDONALD, P.J., and MacKENZIE and WAHLS, JJ.

PER CURIAM. This is a negligence action arising out of a July 19, 1982, automobile accident. Plaintiffs appeal as of right from an order granting summary disposition in favor of defendant on the bases of the statute of limitations and the doctrine of res judicata. We affirm.

Immediately following the 1982 accident, plaintiff Jeffrey Hohendorf began a course of medical treatment for what plaintiffs characterize as soft-tissue back and neck injuries caused by the accident.

On April 18, 1984, plaintiffs filed a negligence action alleging

> [t]hat your plaintiff suffered as a result of the wrongful acts severe, permanent and progressive injuries; to wit: injury to his back and neck as well as his knee and right tibia, along with his entire musculi skeletal system.

Following mediation, the case was removed to district court. The district court dismissed the case, apparently finding as a matter of law that Hohendorf did not sustain a serious impairment of body function.

Hohendorf continued medical treatment. On October 7, 1988, he was diagnosed as suffering from a herniated disc. This diagnosis was transmitted to Hohendorf's treating physician on May 15, 1989.

On July 18, 1989, plaintiffs filed the instant negligence action. Their complaint alleged:

As a direct and proximate result of the negligence of said defendant, plaintiff Jeffrey William Hohendorf was violently jousted, knocked and thrown about his vehicle, sustaining serious impairment of body function and/or permanent disfigurement, severe personal contusions, lacerations and abrasions of his body, neck, head, back, stomach, arms, legs and parts and extensions thereof, injury to the muscles, nerves, ligaments and discs of the neck and back, severe shock and injury to his nervous system and related sequelae thereof.

Defendant maintained that plaintiffs' second suit was barred by the doctrine of res judicata and the three-year statute of limitations for personal injury claims. See MCL 600.5805; MSA 27A.5805 and MCL 600.5827; MSA 27A.5827. Plaintiffs contended that this was a new unadjudicated claim, discovered in 1988 or 1989, when the physicians diagnosed Hohendorf's herniated disc. Plaintiffs further argued that, because this new claim was not discovered until 1988 or 1989, it was not barred by the statute of limitations. The trial court agreed with defendant.

On appeal, plaintiffs contend that the trial court erred in determining that their action was barred. Specifically, plaintiffs contend that the claim for damages for serious impairment of body function accrued when they discovered or should have discovered Hohendorf's herniated disc—in October 1988—so that their July 1989 suit was timely. An identical argument was rejected by this Court in *Sherrell v Bugaski,* 169 Mich App 10, 15-16; 425 NW2d 707 (1988).

The facts in *Sherrell* are almost identical to those in this case. In *Sherrell,* the plaintiff sued the defendants for injuries, including lower-back pain, sustained in a 1979 auto accident. The defendants were granted summary disposition on the

ground that the plaintiff's injuries did not consti-
tute a serious impairment of body function. In
1985, the plaintiff discovered that she had a herni-
ated disc, and in 1986 she filed a second negligence
action against the defendants. Responding to the
plaintiff's proposition that her second cause of
action accrued when she discovered her herniated
disc, this Court stated:

> Simply because plaintiff's injury failed to rise to
> the requisite level for recovery in the first suit
> does not mean her claim had not yet accrued. As
> the Supreme Court stated in *Connelly v Paul
> Ruddy's Equipment Repair & Service Co,* 388 Mich
> App 146, 151; 200 NW2d 70 (1972):
>
> "Once all of the elements of an action for per-
> sonal injury, including the element of damage, are
> present, the claim accrues and the statute of limi-
> tations begins to run. Later damages may result,
> but they give rise to no new cause of action, nor
> does the statute of limitations begin to run anew
> as each item of damage is incurred."
>
> Thus, plaintiff's cause of action accrued when
> she discovered the injuries for which she sued in
> the first action in 1980. [169 Mich App 16.]

See also *Gagliardi v Flack,* 180 Mich App 62; 446
NW2d 858 (1989) (in an automobile negligence
case, the statute of limitations is not tolled until
such time as the plaintiff discovered or should
have discovered that his injury constituted a seri-
ous impairment of body function).

We find the reasoning of *Sherrell* and *Gagliardi*
persuasive. Accordingly, we conclude that plain-
tiffs' cause of action accrued in 1982 and the
statute of limitations was not tolled until discovery
of Hohendorf's herniated disc in 1988 or 1989. The
trial court therefore properly ruled that plaintiffs'
1989 lawsuit was barred by the three-year statute

of limitations set forth in MCL 600.5805; MSA 27A.5805.

Our disposition of this issue makes it unnecessary to consider plaintiffs' remaining claim that the trial court erred in finding their suit barred by the doctrine of res judicata. We note, however, that similar arguments were rejected by this Court in *Sherrell, supra,* and *Moore v Wicks,* 184 Mich App 517; 458 NW2d 653 (1990).

Affirmed.