SCHULTZ v BLACK (ON REMAND)

Docket No. 190127. Submitted November 6, 1995, at Lansing. Decided January 19, 1996, at 9:20 A.M. Leave to appeal sought.

Mary E. Schultz brought an action in the Ingham Circuit Court against John J. Black and Kids R' Us, Inc., seeking damages for injuries sustained in an automobile accident and alleging a serious impairment of body function. The defendants moved for summary disposition on the basis that the three-year period of limitation had expired because the action was brought 4½ years after the accident. The plaintiff alleged that the period of limitation was tolled during the 3½ years after the accident that she neither knew nor should have known that she sustained any injuries and that the action therefore was timely. The court, Carolyn Stell, J., agreed with the defendants and granted their motion. The plaintiff appealed and the Court of Appeals, Hood, P.J., and Neff and T. E. Jackson, JJ., reversed and remanded, finding that the plaintiff had alleged a latent injury and that, pursuant to the discovery doctrine, the complaint was properly filed within three years of the date the plaintiff discovered her latent injury. Unpublished opinion per curiam of the Court of Appeals, issued March 30, 1994 (Docket No. 154134). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded for reconsideration by the Court of Appeals in light of the Supreme Court's opinion in *Stephens v Dixon,* 449 Mich 531 (1995). 450 Mich 887 (1995).

On remand, the Court of Appeals *held:*

This case presents a factual situation that fits the plaintiff's injury within the definition of a latent injury as set forth in *Stephens v Dixon,* 199 Mich App 73 (1993), and as clarified by the Supreme Court in *Stephens,* 449 Mich 531 (1995). The plaintiff's complaint was filed within three years of the date she discovered her latent injury. The trial court erred in failing to apply the discovery rule and thus erred in granting summary disposition for the defendants.

Reversed and remanded.

REFERENCES

Am Jur 2d, Limitation of Actions § 107.

See ALR Index under Limitation of Actions.

LIMITATION OF ACTIONS — DISCOVERY RULE — NEGLIGENCE.

    The period of limitation for a negligence action seeking damages
for injuries suffered in an automobile accident and alleging a
serious impairment of body function begins to run from the
date of the accident unless the plaintiff can show that the
injury was latent and therefore the plaintiff neither knew nor
should have known until a later date that the plaintiff was
injured as a result of the accident; the discovery rule tolls the
running of the period of limitation with regard to a latent
injury until the injury is or should have been discovered but is
not available where the plaintiff merely misjudges the severity
or consequences of a known injury.

*Church, Kritselis, Wyble & Robinson, P.C.* (by *James T. Heos*), for the plaintiff.

*Vandeveer Garzia* (by *Pamela L. Abbott*), for the defendants.

ON REMAND

Before: HOOD, P.J., and MURPHY and NEFF, JJ.

NEFF, J. This case is before us on remand from the Supreme Court for reconsideration in light of its opinion in *Stephens v Dixon,* 449 Mich 531; 536 NW2d 755 (1995), reversing the prior Court of Appeals decision in *Stephens v Dixon,* 199 Mich App 73; 500 NW2d 749 (1993). 450 Mich 887 (1995). On remand, we again find error in the trial court's grant of summary disposition for defendants pursuant to MCR 2.116(C)(7). The trial court's ruling was based on the ground that plaintiff's claim was barred by the three-year period of limitation provided in MCL 600.5805(1) and (8); MSA 27A.5805(1) and (8). Accordingly, we reverse and remand for further proceedings.

I

In our previous opinion, we succinctly set forth the facts of this case:

In her January 21, 1992, complaint, plaintiff alleged that she was involved in a car accident on August 27, 1987. According to the complaint, defendant Black, while in the employ of defendant Kids R Us, Inc., ran a red light, causing a collision between his vehicle and that in which plaintiff was a passenger. Plaintiff alleged a serious impairment of body function consisting of injuries to her back, shoulder, neck, right arm and right hand. She further alleged that the serious impairment of body function did not manifest itself until February 1991. Plaintiff sought damages for noneconomic loss and economic loss in excess of no-fault benefits.

Defendants moved for summary disposition on the ground that plaintiff's claim was barred by the three-year statute of limitations. Defendants contended that, pursuant to MCL 600.5827; MSA 27A.5827, plaintiff's claim accrued at the time of the wrong on which the claim was based; i.e., at the time of the accident. Plaintiff contended that the claim accrued at the time the injury first manifested itself. She submitted an affidavit in which she stated that she went to the emergency room after the collision and no abnormalities were found. She further averred that she led a normal life and had no significant problems until February 1991, at which time she sought treatment. She had neurosurgical intervention to repair a ruptured disc. Her physician averred that it was possible for plaintiff to have enjoyed good health and to have experienced little or no pain during a period in which her injuries lay dormant. He also stated that, in his opinion, plaintiff's injuries are causally related to the automobile accident. The trial court accepted defendants' argument and granted their summary disposition motion. [*Schultz v Black,* unpublished opinion per curiam of the Court of Appeals, issued March 30, 1994 (Docket No. 154134).]

II

The issue before us now, as it was in our previ-

ous opinion, is whether to apply the discovery rule to toll the running of the limitation period in which plaintiff could bring her cause of action. The discovery rule is an equitable tool used to toll the running of the period of limitation in a case where a plaintiff is not aware of a potential cause of action. See *Stephens*, 449 Mich 536.

In our previous opinion, we relied on this Court's holding in *Stephens v Dixon*, which provided, in essence, that in a cause of action under the no-fault insurance act for injuries, the period of limitation is tolled where a plaintiff alleges a latent injury, but not where a plaintiff merely misjudges the severity of a known injury. *Stephens*, 199 Mich App 79.

After close inspection of the Supreme Court's opinion in *Stephens*, we conclude that the rule of law set forth by this Court in *Stephens* remains intact. Indeed, the Supreme Court held "that the discovery rule is not available in a case of ordinary negligence where a plaintiff merely misjudges the severity of a known injury." *Stephens*, 449 Mich 537. The Supreme Court merely determined that this Court's application of the discovery rule in *Stephens* was improper; after setting forth the facts, the Court stated that "this plaintiff knew or should have known from the day of the accident that a possible cause of action existed for a neck injury resulting from the accident." *Stephens*, 449 Mich 538. The Court specifically stated that it expressed no opinion regarding whether the discovery rule applies to a case in which a plaintiff did not know she was injured at the date of the accident. *Stephens*, 449 Mich 538, n *.

We conclude that this case presents a factual situation that fits the plaintiff's injury within the

definition of latent injury as set forth in this Court's opinion in *Stephens,* and as clarified by our Supreme Court's opinion in *Stephens.* Plaintiff presented unrebutted evidence that she neither knew nor should have known that she sustained *any* injuries as a result of the automobile accident until February 1991, approximately 3½ years after the accident, but only one year before she filed her complaint. Accordingly, we conclude that the trial court erred in failing to apply the discovery rule to this case and thus erred in granting summary disposition for defendants. Plaintiff's complaint was filed within three years of the date plaintiff discovered her latent injury.

Reversed and remanded. We do not retain jurisdiction.