## SPIER *v.* M'QUEEN.

S. sued M. in a justice's court, and employed W., an attorney at law, to appear
and prosecute the suit for him on the return day. W. was prevented from at-
tending to the suit on that day, and requested S. to appear, who appeared ac-
cordingly. M. objected to S.'s appearance, and required him to prove his au-
thority, and S. not being able to prove a formal authority, the action failed.
*Held*, these facts did not make out a case, within sec. 11 of ch. 2, tit. 6, part 3,
R. S. 1838 (of the limitation of personal actions), allowing a new action to be
brought within one year thereafter.

CASE reserved from Eaton Circuit Court. Assumpsit. Plea, stat-
ute of limitations. Replication, a previous suit duly commenced before
a justice of the peace, within six years; and that, on the return day of
the summons therein, one Wilkinson, an attorney at law, whom the
plaintiff had previously employed to appear and prosecute the suit for
him, was necessarily absent from Eaton Rapids, the place of holding
the court, and that Wilkinson desired one Shaw to appear and prose-
cute the action on the return day : that Shaw appeared; that defend-
ant objected to his appearance, and required him to prove his authority;
and that Shaw not being able to prove a formal authority, the action
was avoided and defeated for the want of form aforesaid : that the
cause of action in the former and present suits was identical; that it ac-
crued within six years next before the commencement of the first suit;
and that the present suit was commenced within one year next after
the determination of the first suit.   Defendant demurred, and plaintiff
joined in the demurrer.

*Kimball and Sumner*, for plaintiff.

*Chatfield*, for defendant.

*By the court*, WHIPPLE, Ch. J.   The solution of the question raised
by the demurrer must depend upon the construction of sec. 11, chap.
2, tit. 6, part 3 of the revision of 1838.   That section provides, "that
if in any action, duly commenced within the time limited in this chap-
ter and allowed therefor, the writ shall fail of a sufficient service or re-

Spier *v.* M'Queen.

turn, by any unavoidable accident, or by any neglect or default of the officer to whom it is committed; or if the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form; or, if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on writ of error, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or the determination of the original suit; or, after the reversal of the judgment therein."

I am unable to perceive how the plaintiff can shelter himself under the provisions of this section. The authority of Shaw to appear as attorney was requested by the defendant; and the statute, upon such request being made, required, in express terms, that his authority should be proved, either by his own or other competent testimony. This proof not being exhibited, the action was defeated for want of appearance at the return day of the process.

The failure of any action, for such a cause, does not fall within the saving clauses of the 11th section. The demand made by the defendant was not mere "*matter of form.*" It was a right conferred by statute; and if the plaintiff failed to furnish his agent with the necessary authority, or if the agent, having the authority, neglected to make the necessary proof, there was, in a legal sense, no appearance, and judgment of nonsuit must have been the consequence.

We should have been glad to have relieved the plaintiff from the difficulties into which he was drawn by his own inadvertence or by the want of skill on the part of his agent; but it would be extending the statute to a case not within its terms, if we allowed the replication to stand as a sufficient answer to the plea.

Let it be certified to the circuit court of the county of Eaton, as the opinion of this court, that the demurrer to the replication should be sustained.

*Certified accordingly.*