# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-30751

———

ANGELO A. GONZALEZ,

      Plaintiff - Appellant

v.

RONNIE SEAL, Captain; DOUGLAS BROOKS, Corrections Sergeant
Master; JONATHAN TYNES, Corrections Sergeant Master; DARRELL
PETERS, Lieutenant; LARRY WEARY, CSM; BRUCE FORBES, EMT;
MICHAEL HARRELL, Major; ROBERT C. TANNER, RCC Warden; JERRY
P. MILLER, Assistant Warden; RONALD BRANCH, Assistant Warden;
KEITH BICKHAM, Deputy Warden; JEFFREY TRAVIS, DPSC Operations
Chief; JAMES LEBLANC, DPSC Secretary,

      Defendants - Appellees

———

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-34

———

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

    Angelo A. Gonzalez appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action for excessive force as barred by Louisiana's one-year limitations

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2017

Lyle W. Cayce
Clerk

———

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30751

period. Because we conclude that the district court erred in determining Gonzalez's complaint is time barred, we vacate and remand on that issue; and in all other respects, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 2, 2009, Gonzalez filed a pro se civil rights complaint against employees of the Louisiana Department of Corrections (DOC), asserting that he suffered an excessive use of force on November 11, 2009. The defendants moved for summary judgment on the basis that Gonzalez filed his federal lawsuit before exhausting the prison grievance process under the Prison Litigation Reform Act (PLRA). *See Gonzalez v. Seal*, 702 F.3d 785, 786 (5th Cir. 2012). The district court declined to dismiss the complaint and instead exercised its discretion to excuse Gonzalez's failure to exhaust. *Id.* at 787. On interlocutory appeal, this court held that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," irrespective of whether exhaustion is achieved during the federal proceeding. *Id.* at 787-88; *see* 42 U.S.C. § 1997e(a). Accordingly, the court reversed the district court's order and remanded for entry of judgment dismissing the complaint. *Gonzalez*, 702 F.3d at 786-88. The district court then ordered Gonzalez's complaint dismissed without prejudice.

On December 20, 2012, which was eight days after this court's prior decision, Gonzalez filed a pro se, in forma pauperis (IFP) civil rights complaint alleging the use of excessive force by Captain Ronnie Seal, Lieutenant Blandon Smith, Corrections Sergeant Master (CSM) Douglas Brooks, and CSM Jonathan Tynes. Gonzalez alleged that Seal, Brooks, and Tynes beat and kicked him, resulting in bruises on his knees and ankles, and that Smith was instrumental in the abuse. Gonzalez claimed that he was beaten by several officers, including Smith, in July 2006; that he was hospitalized twice in 2007 and 2008 after being kicked by officers; and that while shackled and naked on

2

No. 14-30751

the floor, he was beaten again in November 2009. Gonzalez alleged that this history of beatings has made him paranoid and schizophrenic.

Gonzalez also indicated that he wanted to raise the same claims he raised in the 2009 action. According to Gonzalez, he was on extended lockdown between 2006 and 2009 and suffered many abuses by officers during that time. He also claimed that officers searched his cell and stripped him naked; that he was anally searched by Seal; and that Seal caused him to be shackled and handcuffed every day and destroyed his legal papers, all to humiliate him. In a supplement to his complaint, Gonzalez repeated his claims that he was beaten by the defendants and other officers between 2006 and 2009.

The defendants responded with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis of qualified immunity. Gonzalez objected to the motion, arguing that between July 2006 and November 2009, the defendants used excessive force against him while he was in full restraints. He also sought to amend his complaint to add additional defendants.

The district court granted in part and denied in part the defendants' motion to dismiss. Specifically, the court dismissed with prejudice the following claims: Gonzalez's excessive force claim against Smith; his retaliation claims against Smith and Seal; and his denial of access to the courts claim against Seal. In addition, Gonzalez was granted leave to supplement his complaint to include additional claims of excessive force, denial of adequate medical care, failure to protect, and denial of due process and to add the following defendants: Lieutenant Darrell Peters, CSM Larry Weary, Emergency Medical Technician (EMT) Bruce Forbes, Captain Mike Harrell, Warden Robert Tanner, Assistant Warden Jerry Miller, Assistant Warden Ronald Branch, Deputy Warden Keith Bickham, Operations Chief Jeffrey Travis, and DOC Secretary James LeBlanc.

No. 14-30751

The defendants responded to the supplemented complaint with two Rule 12(b)(6) motions to dismiss. The first motion, filed by Forbes, Tanner, Harrell, Travis, LeBlanc and Bickham, sought dismissal on the basis of qualified immunity.

The second motion, filed by Seal, Brooks, Tynes and Weary, sought dismissal of Gonzalez's claims as time barred.

The district court subsequently dismissed Gonzalez's claims "with prejudice as frivolous for failing to state a cognizable claim upon which relief may be granted, or else for prescription." Specifically, the court found that the official capacity claims failed as such relief was barred by the Eleventh Amendment immunity doctrine; that the due process claims against Tanner, Miller, Harrell, Travis and LeBlanc were frivolous; and that the remaining claims against Seal, Brooks, Tynes, Weary, Peters, Forbes, Bickham and Branch were time-barred under Louisiana's one-year prescription. The court also found that the filing of the prior action did not toll the running of the prescription because the claim was "premature." In addition, the court denied as moot the two Rule 12(b)(6) motions filed by the defendants. Gonzalez then filed this appeal.

This court granted Gonzalez's IFP motion and ordered the parties to brief whether the district court erred in its determination that the following individual-capacity claims were prescribed under § 1983: Gonzalez's excessive force claims against Seal, Brooks and Tynes; his failure to protect claims against Weary, Peters, Bickham and Branch; and his deliberate indifference claim against Forbes. Because Gonzalez raised no argument concerning the remainder of his claims against Smith, Seal, Tanner, Miller, Harrell, Travis, LeBlanc and Branch, any challenge to the district court's certification decision with regard to those claims was deemed abandoned.

4

No. 14-30751

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a § 1983 action as time-barred. *See Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005). Federal courts look to federal law to ascertain when a § 1983 action accrues and the limitations period begins to run, but "state law supplies the applicable limitations period and tolling provisions." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999).[1]  In Louisiana, the applicable limitations period is one year. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); LA. CIV. CODE ANN. art. 3492.

## DISCUSSION

Gonzalez maintains that under Louisiana Civil Code articles 3462 and 3463, the one-year prescriptive period was tolled from 2009 through 2012 while his first lawsuit was pending, and therefore his current claims are not time barred.  The defendants-appellees, in response, urge this court to uphold the district court's time-bar determination, including the conclusion that Gonzalez's first lawsuit was premature and therefore did not interrupt

---

[1] *See Smith v. Regional Transit Authority*, 827 F.3d 412, 421 n.6 (5th Cir. 2016):

The "borrowed" state statute is applied where there is no federal statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). The catchall four-year federal statute of limitations applies "for actions arising under federal statutes enacted after December 1, 1990." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). "[I]f the plaintiff's claim against the defendant was made possible by a post–1990 enactment," the four-year statute of limitations applies. *Id*. at 382, 124 S.Ct. 1836. Here, Plaintiffs' claims were not "made possible" by a post–1990 federal statute. The only post–1990 amendment to Section 1983 merely limited claims against judicial officers. *See Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 668 (7th Cir. 2014). As such, we have previously concluded that the catchall statute of limitations does not apply to Section 1983. *Garrett v. Thaler*, 560 Fed. App'x. 375, 383 (5th Cir. 2014) (citing *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008)).

prescription.  Alternatively, the defendants assert that this court should affirm the dismissal on the basis of qualified immunity.

There is no dispute that Gonzalez's cause of action with regard to the events of November 11, 2009, accrued on that date.  Further, there is no dispute that under Louisiana law, the prescriptive period was suspended during the time that the administrative remedy process (ARP) was pending, and that without the application of some other tolling provision, the instant complaint was untimely.  The question is whether the prescriptive period was tolled by Gonzalez's filing of his § 1983 complaint in December 2009 even though he had not exhausted his administrative remedies as mandated by the PLRA.

Under Louisiana law, "prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period." *Woods v. State, Dep't of Health & Hosps.*, 992 So. 2d 1050, 1052-53 (La. Ct. App. 2008).  Article 3462 provides that Louisiana's applicable one-year prescription is "interrupted" when an action is commenced "in a court of competent jurisdiction and venue." La. Civ. Code Ann. art. 3492, 3462.  Even in an "incompetent court, or in an improper venue," prescription is interrupted if the defendant is served with process during the prescriptive period. *Id.* art. 3462.  An "incompetent court" is not limited only to a court lacking subject matter jurisdiction, but also includes instances where a court is statutorily precluded from rendering judgment against a party. *See Glasgow v. PAR Minerals Corp.*, 70 So. 3d 765, 768-69 (La. 2011) (finding that the district court was "incompetent" to hear a claim for tort liability against an employer where the employer was immune from tort liability under Louisiana's worker compensation statute).

The interruption "continues as long as the suit is pending." LA. CIV. CODE ANN. art. 3463.  Further, "[i]f prescription is interrupted, the time that

has run is not counted. Prescription commences to run anew from the last day of interruption." LA. CIV. CODE ANN. art. 3466. Moreover, "if an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action." LA. CIV. CODE ANN. art. 3463, cmt. (b) (citing *Hebert v. Cournoyer Oldsmobile-Cadillac-G.M.C., Inc.*, 405 So.2d 359, 360 (La.App. 4th Cir. 1981)).

This court has not considered this issue in a published opinion, but it was considered in the unpublished decision of *McKnight v. Canulette*, 1999 WL 642844 (5th Cir. 1999). As this court stated there, "Louisiana law provides that if a properly filed lawsuit is dismissed without prejudice, prescription commences anew from that time." *Id.* at *1. The court concluded that McKnight's original action, which was dismissed without prejudice, interrupted the prescriptive period and prescription ran anew from then. Thus, the court vacated the dismissal of McKnight's §1983 complaint and remanded for further proceedings.

Here, the original lawsuit was brought in the Eastern District of Louisiana, which was the proper venue for the case because the cause of action arose in Washington Parish. *See* 28 U.S.C. §§ 1391(b), 98(a). The defendants concede that the 2009 action was filed in a court of competent subject matter jurisdiction and venue. Further, the district court docket reveals that the defendants involved in this appeal were served with process within the prescriptive period.[2] The exhaustion requirement is not jurisdictional, but

---

[2]Defendants concede that the prescriptive period ran until September 6, 2011, due to being tolled while Gonzalez pursued his administrative remedies. Defendants also stated in their brief that service of process "was perfected on each defendant-appellee within the limitations period."

rather is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).[3] Thus, the prescriptive period was interrupted because Gonzalez's complaint was filed in a court with subject matter jurisdiction. Moreover, the defendants were notified of the complaint through service of process within the prescriptive period. *See* 28 U.S.C. § 1331; *see also* La. Civ. Code Ann. art. 3462. Even if we were to conclude that Gonzalez's failure to exhaust his administrative remedies rendered the district court "incompetent" to hear Gonzalez's claim, the timely service of process (which occurred here) would nevertheless interrupt the prescriptive period. *See Glasgow*, 70 So. 3d at 768-69; s*ee also* La. Civ. Code Ann. art. 3462; *cf. Flagg v. Stryker Corp.*, 819 F.3d 132, 139-40 (5th Cir. 2016) (en banc) (finding that failure to exhaust administrative remedies meant plaintiff "had no possibility of recovery against the [non-diverse defendants]" at the time the case was removed to the federal court and affirming the district court's dismissal of the improperly joined non-diverse defendants). Louisiana case law supports a determination that Gonzalez's first action interrupted the running of prescription. *See Glasgow*, 70 So. 3d at 769 ("By commencing a tort lawsuit against and effectuating service upon [defendants] within the prescriptive period of one year, [plaintiff] thereby successfully interrupted prescription as to [defendants] even though [defendants] ultimately proved to be immune to a tort claim."); *Jones v. Hartford Ins. Co.*, 560 So. 2d 442, 443-44 (La. 1990) (prescriptive period interrupted by filing of lawsuit in court of competent jurisdiction prior to exhaustion of administrative remedies in worker's compensation action).

Gonzalez's prescription began to run on November 12, 2009. His complaint filed in December 2009 interrupted the prescriptive period. His

---

[3] Thus, we need not, and do not, decide the question of whether the result would be the same if a jurisdictional exhaustion statute were involved.

prescription ran anew from the dismissal of that action. Thus, the instant lawsuit was timely. Accordingly, we conclude that the district court erred in dismissing Gonzalez's claims on the basis of prescription.[4]

However, in the alternative, the defendants assert that the dismissal of Gonzalez's action can be affirmed as to the claims against Forbes, Weary, Peters, Branch and Bickham on the basis of qualified immunity. As the defendants assert, "this court may affirm a judgment upon any basis supported by the record." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). Here, these defendants raised the issue of qualified immunity in their motion to dismiss, yet the district court did not consider the issue and instead denied the motion as moot. Because the district court has not yet explained whether the record supports the grant or denial of qualified immunity with respect to the aforementioned defendants, we conclude that the district court should conduct the qualified immunity analysis in the first instance. *See, e.g., Jones v. City of Houston*, 1994 WL 574739, *4 (5th Cir. Oct. 14, 1994) (vacating dismissal of IFP complaint based on frivolousness and remanding for further proceedings where, inter alia, "the quality of any qualified immunity defense has not yet been determined"). Moreover, Seals, Brooks and Tynes have asserted that further development of the record is necessary to demonstrate their entitlement to qualified immunity or other relief.

Gonzalez's remaining claims have either previously been deemed by this court to be abandoned due to a failure to brief or are raised for the first time on appeal. Thus, we decline to address them. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (appellant abandons a claim on appeal when he fails to identify any error in the district court's

---

[4] We decline the defendants' request to instruct the district court to order any motions or on how to proceed with its docket.

analysis); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (this court will not allow a party to raise a claim for the first time on appeal).

## CONCLUSION

For these reasons, we VACATE the order of dismissal as to prescription and REMAND for further proceedings; we do not reach the qualified immunity issue; and in all other respects, the judgment is AFFIRMED.