*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARLENE L. BROOKER, Personal Representative of the ESTATE OF GLENN STEVEN BROOKER,

Plaintiff-Appellant,

v

TRINITY HEALTH MICHIGAN, formerly known as ST. JOSEPH MERCY HEALTH SYSTEM, WEN JING CHUNG, M.D., and GLOBAL ANESTHESIA SOLUTIONS, PLLC,

Defendants-Appellees.

FOR PUBLICATION
March 19, 2026
11:42 AM

No. 369013
Washtenaw Circuit Court
LC No. 23-000412-NH

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

KOROBKIN, P.J. (*concurring*).

Because plaintiff filed suit one day before the expiration of the mandatory 182-day notice waiting period, MCL 600.2912b(1), defendants were entitled to dismissal. But dismissal with or without prejudice? Under binding precedent—namely, *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005)—the trial court was compelled to enter dismissal with prejudice because the statute of limitations had expired, and we are likewise required to affirm. I write separately to observe that the relevant doctrinal underpinning of the holding in *Burton* has been thoroughly undermined by an intervening Supreme Court decision, *Ottgen v Katranji*, 511 Mich 223; 999 NW2d 359 (2023). Consequently, I encourage the Supreme Court to revisit *Burton* in this or a similar case.

Ordinarily, the filing of a lawsuit (along with the timely service of the summons and complaint) tolls the statute of limitations on the claims asserted therein. MCL 600.5856(a). That way, defendants have timely notice of the claims against them, and plaintiffs have an opportunity to correct any technical defects or mistakes through amendment or refiling. See *Mair v Consumers Power Co*, 419 Mich 74, 83; 348 NW2d 256 (1984).

But in *Burton*, our Supreme Court held that if a complaint alleging medical malpractice is prematurely filed—that is, before the expiration of the 182-day notice waiting period mandated by

MCL 600.2912b(1)—then the statute of limitations is not tolled. *Burton*, 471 Mich at 747. According to the *Burton* Court, this is because waiting until the end of the notice period is a statutory requirement, and "failure to comply with the statutory requirement renders the complaint insufficient to commence the action." *Id*. at 754. In essence, the Court held, a premature lawsuit is equivalent to there being no lawsuit at all, which in turn means that the tolling statute, MCL 600.5856(a), does not apply. See *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 92; 869 NW2d 213 (2015) ("*Burton* held that the filing of a complaint before the expiration of the [notice] waiting period does not commence an action or toll the running of the period of limitations."). The result is that if a lawsuit is dismissed for failure to wait the full 182 days as required by MCL 600.2912b(1) and the not-tolled statute of limitations has expired at the time of the dismissal, the dismissal must be (or, as a practical matter, is) with prejudice—so the premature filing turns out to be a complete bar to recovery. See *Ligons v Crittenton Hosp*, 490 Mich 61, 89-90; 803 NW2d 271 (2011). This is true even if the plaintiff miscounted and, as in the case before us today, filed just one day too early. See *Tyra*, 498 Mich at 77 n 5. A harsh result.

*Burton* relied on *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), overruled by *Ottgen*, 511 Mich 223. See *Burton*, 471 Mich at 752-754. *Scarsella* involved one of MCL 600.2912b's companion statutes, MCL 600.2912d, which required that a medical malpractice complaint be accompanied by an affidavit of merit. *Scarsella* held that "for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Scarsella*, 461 Mich at 549. "In such an instance, the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation" under MCL 600.5856(a). *Id*. at 553. And "[i]f the claim is time-barred, . . . the complaint should be dismissed with prejudice." *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 706-707; 620 NW2d 319 (2000).

Again, it is clear from *Burton* that its holding regarding the notice waiting period was grounded in *Scarsella*'s reasoning regarding the affidavit-of-merit requirement:

> The directive in § 2912b(1) that a person "shall not" commence a medical malpractice action until the expiration of the notice period is similar to the directive in § 2912d(1) that a plaintiff's attorney "shall file with the complaint an affidavit of merit . . . ." Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action. [*Burton*, 471 Mich at 754-754.]

In *Ottgen*, our Supreme Court unanimously overruled *Scarsella*. See *Ottgen*, 511 Mich at 228. There, the Court recognized that under Michigan law, " '[a] civil action is commenced by filing a complaint with the court.' " *Id*. at 231, quoting MCL 600.1901 and citing MCR 2.201(B). Although the affidavit-of-merit requirement in MCL 600.2912d "is mandatory and must be followed," the *Ottgen* Court explained, "*Scarsella* erred by concluding that because the [affidavit of merit] is mandatory, a case cannot commence without it and the statutory limitations period therefore cannot be tolled." *Ottgen*, 511 Mich at 233-234. Consequently, a medical malpractice lawsuit filed without an affidavit of merit is subject to dismissal, but such dismissal need not be

with prejudice if the statute-of-limitations period has been tolled while the lawsuit is pending. See *id*. at 238-239.

Given the parallels between *Burton* and *Scarsella*, it is hard to see how *Ottgen* does not sound the death knell, and rather loudly, for *Burton*. *Burton* and *Scarsella* each revolves around the question of whether a plaintiff's failure to comply with a mandatory requirement for a medical malpractice complaint automatically means that the lawsuit did not truly commence, thereby depriving the plaintiff of the benefit of tolling under MCL 600.5856(a). See *Burton*, 471 Mich at 753-754. Although *Scarsella* dealt with the affidavit-of-merit requirement and *Burton* dealt with the notice waiting period, the difference is immaterial to whether the statute of limitations is tolled by filing the complaint, as MCL 600.5856(a) prescribes.

In considering how failing to comply with the notice waiting period affects tolling of the statute of limitations, it is worth considering a similar prerequisite to suing that is sometimes found in our laws—the exhaustion requirement. In particular, consider that under the Prison Litigation Reform Act (PLRA), 42 USC 1997e *et seq*.,[1] prisoners must exhaust all available administrative remedies in prison before suing over prison conditions in federal court. 42 USC 1997e(a). Like a presuit notice waiting period, a charitable view of an exhaustion requirement is that it provides the parties an opportunity to attempt to resolve disputes short of litigation. See *Jones v Bock*, 549 US 199, 219; 127 S Ct 910; 166 L Ed 2d 798 (2007); *Porter v Nussle*, 534 US 516, 524-525; 122 S Ct 983; 152 L Ed 2d 12 (2002). Much like when a medical malpractice plaintiff files suit without complying with the notice waiting period, when a prisoner files suit without first exhausting all available remedies, their unexhausted claims are subject to dismissal. *Jones*, 549 US at 219-224.

Recently, the United States Court of Appeals for the Sixth Circuit confirmed that in such cases, the prisoner's premature filing of the lawsuit tolls the statute of limitations—even though the lawsuit must be dismissed for failure to exhaust. *Heard v Strange*, 127 F4th 630, 634 (CA 6, 2025). In lawsuits brought under 42 USC 1983, federal courts borrow statute-of-limitations rules, including tolling rules, from state law. *Id*. at 633. So the Sixth Circuit relied on Michigan law—and in particular, MCL 600.5856(a)—to conclude that tolling applies when a prisoner fails to exhaust. *Id*. at 633-634. Thus, dismissal is without prejudice, *id*. at 636, and the plaintiff may refile after exhausting. See *id*. at 635 (noting that the statute of limitations is also tolled while administrative remedies are being exhausted).

With all of the foregoing in mind, the statute of limitations on plaintiff's medical malpractice claim should be deemed tolled under MCL 600.5856(a) beginning on the day plaintiff filed suit. Although plaintiff's complaint was subject to dismissal because it was filed one day too early in violation of the mandatory 182-day notice waiting period, MCL 600.2912b(1), dismissal should have been without prejudice because there was time remaining on the statute-of-limitations clock when plaintiff filed the complaint (and there is no dispute that defendants were timely

---

[1] Michigan has its own state-law PLRA, MCL 600.5501 *et seq*. Recently, our Supreme Court held that a plaintiff's failure to comply with state PLRA requirements requires dismissal, but not necessarily dismissal with prejudice. *Hogan v Wayne Co*, 28 NW3d 334, 336-337 (Mich, 2025).

served).[2]  Following the dismissal, plaintiff need merely wait one more day to complete the notice waiting period before refiling.  The refiled lawsuit would be timely under MCL 600.5856's tolling provisions.

Notwithstanding the above analysis, I acknowledge—as does plaintiff—that we are bound by *Burton* unless and until it is overruled: "The Court of Appeals is bound to follow decisions by [the Supreme] Court except where those decisions have *clearly* been overruled or superseded and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined." *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) (footnote omitted; some emphasis omitted).  The "foundations" of *Burton* "have been undermined," but it has not "*clearly* been overruled."  *Id*.[3]  Accordingly, the trial court was correct to dismiss plaintiff's claim with prejudice, and I concur with the majority that we must affirm.  But for the reasons stated, I believe Supreme Court review would be appropriate in this case or a similar one to revisit *Burton* in light of *Ottgen* and allow the statute of limitations to be tolled under MCL 600.5856(a) when a medical malpractice lawsuit is prematurely filed before the end of the notice waiting period.

/s/ Daniel S. Korobkin

---

[2] Because plaintiff mailed a presuit notice of intent to defendants on September 27, 2022, the statute of limitations was tolled during the notice waiting period.  See MCL 600.5856(c); MCL 600.2912b(2); *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 307, 310; 901 NW2d 577 (2017).

[3] Indeed, the Court in *Ottgen* specifically stated that it was not "decid[ing] the effect, if any, of today's decision on" *Burton* and related cases.  *Ottgen*, 511 Mich at 243 n 9.